IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TIMOTHY SCOTT WISE | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv183 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Plaintiff Timothy Scott Wise, an inmate confined within the Bureau of Prisons, proceeding *pro se*, brought this lawsuit pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (the "FTCA"). The court previously entered an order severing the claims asserted pursuant to *Bivens* and assigning those claims a new civil action number. As a result, only plaintiff's FTCA claim remains before the court in this matter.

## Analysis

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). However, as a jurisdictional prerequisite, the FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. See 28 U.S.C. § 2675(a). Based on documents submitted to the court by plaintiff, it is clear that at the time this lawsuit was filed,

plaintiff had not exhausted his administrative remedies either by having obtained a written denial to his administrative claim or waiting six months from the time his administrative claim was filed. Plaintiff has submitted a document demonstrating that his administrative claim was not denied until after this lawsuit was filed.

In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after a lawsuit is filed. After the Supreme Court issued its opinion in *McNeil*, the United States Court of Appeals for the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional in cases filed under the FTCA, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *id*. (citing *McNeil*, 508 U.S. at 106), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress. *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001). As plaintiff's administrative claim was not denied until after this lawsuit was filed, and as the proper exhaustion of administrative remedies is a jurisdictional prerequisite to pursuing an FTCA claim in federal court, the court lacks subject-matter jurisdiction over his FTCA claim. This lawsuit will therefore be dismissed.

<u>Conclusion</u>

For the reasons set forth above, this matter will be dismissed for lack of subject-matter jurisdiction. An appropriate final judgment shall be entered.

**SIGNED** this the **28** day of **June, 2011.**

_____
Thad Heartfield
United States District Judge